HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FREDERICK HALL,<br><br>   Plaintiff,<br><br>v.<br><br>EVANSTON BOARD OF EDUCATION, et al.,<br><br>   Defendants. | CASE NO. C17-320 RAJ<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court *sua sponte*. The Court may raise the issue of subject matter jurisdiction *sua sponte* at any time during an action. *Allstate Indem. Co. v. Pacheco*, No. 3:14-cv-05366-KLS, 2014 U.S. Dist. LEXIS 150069, *11 (W.D. Wash. 2014); Fed. R. Civ. Proc. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Absent jurisdiction, any determination on the merits would be void. *Watts v. Pickney*, 752 F.2d 406, 409 (9th Cir. 1985). Federal courts' jurisdiction is limited to cases or controversies that arise under federal laws or are

between diverse citizens where the matter in controversy exceeds $75,000.  28 U.S.C. §§ 1331,1332.

Plaintiff is suing the City of Evanston, Illinois, the Evanston Board of Education, and the Rittenburg family.  Dkt. # 1.  Each Defendant appears to reside in Illinois.  Moreover, it appears that the actions giving rise to this Complaint occurred in Illinois.  *Id.*  It is not clear to the Court how it could exercise subject-matter or personal jurisdiction over any of the Defendants or allegations, nor is it clear how venue is proper in the Western District of Washington.  *See Shute v. Carnival Cruise Lines*, 113 Wn. 2d 763, 771, 783 P.2d 78 (1989) (Washington's long-arm statute "extends jurisdiction to the limit of federal due process."); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (The due process clause grants the court jurisdiction over defendants who have "certain minimum contacts . . . such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"); *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss . . . ."); 28 U.S.C. § 1391.

Accordingly, the Court orders Plaintiff to show cause why this case should not be dismissed for lack of jurisdiction and improper venue.  Plaintiff shall file a written response, not to exceed five (5) pages, no later than seven (7) days from the date of this Order.  Failure to file a response will result in dismissal of the action.

Dated this 22nd day of March, 2017.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge